UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION



FILED
DISTRICT COURT
SOUTHERN

09 MAR 10 PM 3:00

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| EMIGDIO MARTINEZ, | ) | CAUSE NO. 1:07-cr-125-01-SEB-KPF |
| a/k/a Millo, | ) | |
| ALEX LNU, | ) | -02 |
| a/k/a Edgar, | ) | |
| a/k/a Top Dog, | ) | |
| JOHN DOE, | ) | -03 |
| a/k/a Lalo, | ) | |
| JESUS MANUEL FIERRO-MENDEZ, | ) | -04 |
| a/k/a Fierro, | ) | |
| DANNY DELGADO, | ) | -05 |
| a/k/a Cobrita, | ) | |
| CRUZ SAENZ, | ) | -09 |
| MIGUEL MENDOZA, | ) | -17 |
| a/k/a Barragon, | ) | |
| CARLOS H. MARTINEZ, | ) | -18 |
| a/k/a Erik Ortega-Sanchez, and | ) | |
| PERLA ROCHA, | ) | -19 |
| a/k/a Perla Recendiz, | ) | |
| Defendants. | ) | |

## THIRD SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury charges that:

Beginning in or around April, 2007, the exact date being unknown to the Grand Jury, and continuing up to and including September 11, 2007, in the Southern District of Indiana, Indianapolis, and elsewhere, EMIGDIO MARTINEZ, a/k/a Millo, ALEX LNU, a/k/a Edgar,

a/k/a Top Dog, JOHN DOE, a/k/a Lalo, JESUS MANUEL FIERRO-MENDEZ, a/k/a Fierro, DANNY DELGADO, a/k/a Cobrita, CRUZ SAENZ, MIGUEL MENDOZA, a/k/a Barragon, CARLOS H. MARTINEZ, a/k/a Erik Ortega-Sanchez, and PERLA ROCHA, a/k/a Perla Recendiz, defendants herein, and Roberto Espinoza, a/k/a Negrito, Baltazar Urquidi, Sergio Leon-Moreno, a/k/a Checo, Manuel Mascorro-Guerrero, a/k/a Pedro, Pedro Mendoza, a/k/a Tocayo, John Smith, and Quinton Dews, a/k/a Michael, not defendants herein, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to distribute in excess of 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## MANNER AND MEANS

1. During the charged conspiracy, EMIGDIO MARTINEZ, ALEX LNU, "Lalo," and JESUS MANUEL FIERRO-MENDEZ, a/k/a "Fierro," residents of Juarez, Mexico, obtained cocaine and caused the cocaine to be transported to Indianapolis, Indiana for future distribution.

2. DANNY DELGADO, a/k/a "Cobrita," coordinated the activities of various drug couriers who transported cocaine from El Paso, Texas to Indianapolis.

3. MIGUEL MENDOZA, Roberto Espinoza, Baltazar Urquidi, and Sergio Leon-Moreno transported cocaine from the El Paso, Texas area to Indianapolis. MENDOZA, Espinoza, Leon-Moreno, and CRUZ SAENZ transported drug proceeds from Indianapolis to the El Paso area.

4. Manuel Mascorro-Guerrero operated a cocaine trafficking cell in Indianapolis and distributed the cocaine to customers in Indianapolis and Cincinnati, Ohio.

5. John Smith, a resident of Indianapolis, transported cocaine from Indianapolis to Cincinnati for Mascorro-Guerrero.

6. Quinton Dews, a resident of Cincinnati, distributed cocaine in the Cincinnati area. CARLOS MARTINEZ and PERLA ROCHA distributed cocaine in the Indianapolis area.

## OVERT ACTS

The defendants performed numerous overt acts during the course of the conspiracy, including, but not limited to, the following:

1. On or about July 21, 2007, ROCHA asked MASCORRO-GUERRERO to deliver one (1) kilogram of cocaine to her for redistribution.

2. On or about July 21, 2007, CARLOS MARTINEZ agreed to purchase one (1) kilogram of cocaine from Mascorro-Guerrero for $21,000 in United States currency.

3. On or about July 28, 2007, JESUS MANUEL FIERRO-MENDEZ acquired a quantity of cocaine for distribution and caused the cocaine to be delivered to Leon-Moreno for transportation to Indianapolis.

4. On or about July 28 and 29, 2007, Leon-Moreno transported cocaine from the El Paso area to Indianapolis for distribution.

5. On or about July 30, 2007, Mascorro-Guerrero transferred cocaine to Smith in Indianapolis. Smith transported the cocaine from Indianapolis to Cincinnati and delivered the cocaine to Dews for distribution.

6. On or about August 3, 2007, ALEX LNU obtained cocaine for transportation from the El Paso area to Indianapolis.

7. On or about August 4, 2007, DELGADO arranged for Espinoza to transport cocaine from the El Paso area to Indianapolis.

8. On or about August 6 and 7, 2007, Espinoza transported cocaine from El Paso to Indianapolis. On or about August 7, 2007, Espinoza offloaded the cocaine at 4020 Rockville Road, Indianapolis..

9. On or about August 8, 2007, "Lalo" obtained a quantity of cocaine and caused the cocaine to be transported to Indianapolis by MIGUEL MENDOZA.

10. On or about August 8, 9, and 10, 2007, MIGUEL MENDOZA transported cocaine from the El Paso area to Indianapolis.

11. On or about August 10, 2007, Pedro Mendoza obtained cocaine from MIGUEL MENDOZA and transported the cocaine to 4020 Rockville Road, Indianapolis.

12. On or about August 14, 2007, MIGUEL MENDOZA possessed approximately $500,000 in Ohio that he attempted to transport from Indianapolis to the El Paso area.

13. On or about August 28, 2007, PEDRO MENDOZA possessed approximately $502,000 in United States currency at 5417 Greenfield Avenue, Indianapolis.

14. On or about September 7, 2007, SAENZ attempted to collect approximately $500,000 in United States currency from MASCORRO-GUERRERO for delivery to ALEX LNU.

15. On or about September 7, 2007, EMIGDIO MARTINEZ caused approximately twenty-eight (28) kilograms of cocaine to be transferred to Urquidi for transportation from the El Paso area to Indianapolis.

16. On or about September 11, 2007, Urquidi possessed approximately twenty-eight (28) kilograms of cocaine in Indianapolis.

## **FORFEITURE**

1. The allegations in Count One of this Indictment are re-alleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2. If convicted of the offense set forth in Count One, EMIGDIO MARTINEZ, a/k/a Millo, ALEX LNU, a/k/a Edgar, a/k/a Top Dog, JOHN DOE, a/k/a Lalo, JESUS MANUEL FIERRO-MENDEZ, a/k/a Fierro, DANNY DELGADO, a/k/a Cobrita, CRUZ SAENZ, MIGUEL MENDOZA, a/k/a Barragon, CARLOS H. MARTINEZ, a/k/a Erik Ortega-Sanchez, and PERLA ROCHA, a/k/a Perla Recendiz, defendants herein, shall forfeit to the United States any and all property, real or personal, constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense set forth in Count One, and any and all property, real or personal, used or intended to be used in any manner or part to commit and to facilitate the commission of the offense set forth in Count One of this Indictment.

3. Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the defendants, the property described in paragraph 2, or any portion thereof:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4. If convicted of the offense set forth in Count One, EMIGDIO MARTINEZ, a/k/a Millo, ALEX LNU, a/k/a Edgar, a/k/a Top Dog, JOHN DOE, a/k/a Lalo, JESUS MANUEL FIERRO-MENDEZ, a/k/a Fierro, DANNY DELGADO, a/k/a Cobrita, CRUZ SAENZ, MIGUEL MENDOZA, a/k/a Barragon, CARLOS H. MARTINEZ, a/k/a Erik Ortega-Sanchez, and PERLA ROCHA, a/k/a Perla Recendiz, defendants herein, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any of the offenses set forth in Count One.

A TRUE BILL:

FOREPERSON

TIMOTHY M. MORRISON
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney